IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31465
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES R. RESPERT,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-17-2-F
- - - - - - - - - -
February 15, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

James R. Respert appeals from his jury-verdict convictions
for conspiracy to possess with intent to distribute approximately
two kilograms of cocaine hydrochloride, aiding and abetting the
attempted possession of approximately two kilograms of cocaine
hydrochloride, and carrying and possession of a firearm in
relation to a drug-trafficking crime.  Respert argues that: (1)
the district court erroneously admitted hearsay testimony from a
coconspirator without establishing the existence of a conspiracy;
(2) the evidence produced at trial was insufficient to support

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the jury's verdict as to each of his convictions; and (3) the district court erred by denying his motion for mistrial.

As Respert failed to move the district court for the requisite showing to permit the admission of a coconspirator's hearsay testimony, this issue is reviewed only for plain error. See United States v. Miller, 799 F.2d 985, 989 (5th Cir. 1986). Examination of the evidence produced at trial relevant to this issue indicate that there was no error, plain or otherwise.

A thorough review of the evidence produced at trial indicates that a rational jury could have found that the requisite elements for each of the charged offenses had been proved beyond a reasonable doubt. See United States v. Medina, 161 F.3d 867, 872 (5th Cir. 1998).

As Respert failed to object to the bases for his motion for mistrial, we review this issue only for plain error. See United States v. Caucci, 635 F.2d 441, 448 (5th Cir. 1981). The evidence challenged by Respert as extrinsic was properly construed to be intrinsic evidence that established background information for the charged offense. See United States v. Miranda, 248 F.3d 434, 440 (5th Cir.), cert. denied, 122 S. Ct. 410 (2001). Furthermore, the alleged prejudicial evidence did not have a substantial impact on the jury's verdict, when viewed in light of the entire record. See United States v. Paul, 142 F.3d 836, 844 (5th Cir. 1998). Accordingly, the district court did not plainly err by denying Respert's motion for mistrial.

AFFIRMED.